IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LORETTA PARISH-CARTER<br><br>Plaintiff,<br><br>v.<br><br>ROBERT AVOSSA, CHERYL MCKEEVER (in their individual capacities) PALM BEACH COUNTY SCHOOL DISTRICT (BOARD)<br>Defendants. | Civil No. 9:16-CV-81623-XXXX<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff LORETTA PARISH-CARTER for her complaint against Defendants Robert Avossa, the Palm Beach County School Board and various named employees and agents of both, states as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Fifth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 against Robert Avossa, Superintendent of Schools in Palm Beach County, Florida and Cheryl McKeever in their individual and official capacities and against the Palm Beach County School District (represented by the School Board).

2. Plaintiff LORETTA PARISH-CARTER alleges that Defendants Avossa, McKeever, and the Palm Beach County School Board conspired and retaliated against her after she was demoted without notice and subsequently filed grievances against Defendants, due to her race and age. Plaintiff was subsequently harassed, threatened, refused transfer and denied

her constitutional rights to due process and property. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the Palm Beach County School District (Board), and that the Palm Beach County School District, a County Agency, is liable under the theory of respondeat superior for the torts committed by Defendant Robert Avossa and various other individuals represented by and acting on behalf of the District.

**JURISDICTION AND VENUE**

3. This Court has Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq.
4. This Court has Jurisdiction over the Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and §1988 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Florida state law pursuant to 28 U.S.C. § 1367.
5. Venue lies in the United States District Court for the Southern District of Florida because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Palm Beach County, Florida located within jurisdiction of the Southern District for the State of Florida pursuant to 28 U.S.C. § 1391(b)(2).
6. Divisional venue is in the Southern District of Florida because the events leading to the claim for relief arose in Palm Beach County, Florida.

**CONDITIONS PRECEDENTS FULFILLED**

7. The Plaintiff filed a complaint with the Equal Employment and Opportunity Commission (EEOC) charge number 510-2016-03210, alleging Race Discrimination, Age Discrimination, and Retaliation pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, more than thirty days before the filing of this Complaint and received her 'Right to Sue' letter on June 24, 2016; allowing the filing of this complaint within ninety (90) days.
8. The original EEOC charge filing and right to sue letters from the EEOC were delivered upon the Defendants prior to the filing of this Complaint.

**PARTIES**

9. Plaintiff LORETTA PARISH-CARTER is an adult citizen and resident of West Palm Beach, Palm Beach County, Florida. She is a high school teacher at Palm Beach Lakes Community High School in West Palm Beach, Florida. Plaintiff is over the age of 40.
10. Defendant Robert Avossa is the Superintendent of Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the Superintendent of Schools. He is sued in his individual and official capacities.
11. Defendant Cheryl McKeever is the former Head Principal of Palm Beach Lakes Community High School in Palm Beach County, Florida, when the relevant events occurred. She is still employed with the Palm Beach County School District, but was removed from her position as Head Principal of Palm Beach Lakes. She is sued in her individual and official capacities.
12. Defendant Palm Beach County School District (Board) is a County Agency and the public employer of all other named Defendants. The Board, (its members and agents acting on behalf of the board) are that which gave rise to this claim for relief. Their actions, offices, policies, intents, and culture promoted the unlawful conduct alleged in this complaint. They are sued in their official capacities.

**BACKGROUND**

13. Beginning in July of 1999, Plaintiff, a Black Woman, began employment as a Teacher at Palm Beach Lakes Community High School, in West Palm Beach, Florida.
14. Palm Beach Lakes Community High School is a high school within the Palm Beach County School District.
15. On or about August 2006, Plaintiff was promoted to Chair for the Mathematics Department.
16. Plaintiff has never had a negative review or complaint, either as a teacher at Palm Beach Lakes Community High School, or as Chair of the Math Department
17. In or about November 2014, without notice or cause, Plaintiff's stipend for her position as Chair of the Math Department was taken from her by Defendants.
18. Plaintiff realized that her paycheck was significantly different than previous years and questioned Defendants and filed a grievance with the Labor Department.
19. Plaintiff filed a grievance with Labor Relations and was able to recuperate the lost wages.
20. Plaintiff then began receiving "walk-through's", or supervisory observations at an increased rate.
21. In or about the beginning of the school year of 2015, without notice or cause, Plaintiff's was demoted; her position as Chair of the Math Department was taken from her by Defendants.
22. Plaintiff was told by Defendants that she was demoted and her position had been unilaterally taken from her and given to a White Woman and White Man, both of whom had fewer credentials, less experience, and fewer service years than Plaintiff.
23. Plaintiff did protest and question Defendants due to the demotion and lack of notice, including writing a letter directed to the Palm Beach County School Board.
24. Once Plaintiff made a complaint about the demotion and position wrongly taken from her, Plaintiff began receiving additional "walk-through's" of her classroom by Defendants, including Principal and Assistant Principals.

25. Due to Plaintiff's length of time of employment at Palm Beach Lakes Community High School, the minimum number of supervisory walk-through's was approximately two per year.

26. Plaintiff was under supervisory surveillance in her classroom up to two or three times per week, and sometimes twice per day.

27. In some instances, Defendant McKeever would walk in unannounced to Plaintiff's classroom and stand for over fifteen (15) minutes, causing Plaintiff anxiety and concern.

28. The walk-through's by Defendants would interrupt the class, cause disruptions to the students' learning and testing, and caused Plaintiff to become anxious.

29. This behavior from Defendants was unusual and out-of-the-ordinary compared to other similarly situated teachers in the Math Department and in the school. Plaintiff was treated differently than other similarly situated employees.

30. A neighboring classroom that had no certified teacher for nearly a year and was being taught by substitute teachers had only two walk-throughs for the entire year of 2015-2016 up to March of 2016, including only one walk-through by Defendant McKeever.

31. After Plaintiff filed her grievance and wrote her letter to the School Board, the intimidation and harassment increased, leading Plaintiff to experience more anxiety and health issues.

32. Defendants also retaliated against Plaintiff by singling her out to inspect the students in her room for dress code violations.

33. Plaintiff was concerned and distraught at the thought that she would lose her job, as she was constantly harassed and intimidated by Defendants.

34. On or about May 25, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission (EEOC) alleging Title VII violations by Defendant.

35. Plaintiff requested a transfer and filled out job applications to move out of Palm Beach Lakes Community High School.

36. Plaintiff was denied her requests and given no interviews.

37. On or about June 15, 2016, Plaintiff sent Notice Correspondence pursuant to Fla. Stat. § 768.28(6)(a) to Defendants giving notice of claim and intent to file civil action.

38. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fifth Amendments to the United States Constitution to property and due process (substantive and procedural);

    b. Violation of her constitutional rights under the Fifth Amendment's Due Process provision, and the Fourteenth Amendment to the United States Constitution to equal protection as a member of a racial minority and a member of a protected class;

    c. Violation of her Constitutional Rights under Title VII of the Civil Rights Act of 1964 to be free from discrimination based upon race and retaliation.

    d. Violation of her Constitutional Rights Under the Age Discrimination in Employment Act, 29 U.S.C. § 621.

39. The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Right to Due Process

    b. Right to not be deprived of property without due process

    c. Right to Equal Protection

    d. Freedom from Discrimination

    e. Freedom from Retaliation

40. At all relevant times, Defendants Avossa, McKeever, and the Board were acting under color of law and under color of authority as the Palm Beach County School Board Superintendent and the Palm Beach County School District (Board), employees, and agents or servants of Palm Beach County, Florida and as an Agency of the State of Florida.

## **COUNT I**

***42 U.S.C. §1983 and 1988***
***Against Defendants Avossa , McKeever, and District (Board)***

41. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

42. Plaintiff claims damages under 42 U.S.C. § 1983 and 1988 for the injuries set forth above against Defendants for violation of her constitutional rights under color of law.

**<u>COUNT II</u>**
***42 U.S.C. §1983***
***Against Defendants District (Board)***

43. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

44. Prior to November, 2014. the District developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons who were teachers within the Palm Beach County School District, which caused the violation of Plaintiff's rights.

45. It was the policy and/or custom of the District, including the Defendants, to refuse to address disparities within the Palm Beach County School District which negatively affect children and teachers of color.

46. It was the policy and/or custom of the District, including the Defendants, to deliberately silence teachers and students of color who speak out against racial disparities within the Palm Beach County School District.

47. It was the policy and/or custom of the District, including the Defendants, to non-renew, suspend, transfer, demote, and retaliate against teachers and students who attempt to speak out against racial disparities within the Palm Beach County School District.

48. As a result of the above described policies and customs, administrators of the District, including the Defendants, believed that their actions would not be properly monitored by supervisory administrators and the District and that the misconduct would not be investigated or sanctioned, but would be tolerated.

49. The above described policies and customs demonstrate a deliberate indifference on the part of the District to the constitutional rights of persons within the District, and were the cause of the violations Plaintiff's rights alleged herein.

**COUNT III**

***42 U.S.C. §1985 and §1986***

***Conspiracy and Failure to Prevent Conspiracy to Protect Federally Protected Rights Against Defendants Avossa, McKeever, District***

50. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

51. From November 2015 forward, the Defendants, acting in concert with one and other and with the purpose of intentionally depriving the Plaintiff of her federally protected constitutional rights, conspired, implemented, and acted upon a conspiracy to deprive the Plaintiff of her constitutional rights and to discriminate against her in violation of 42 U.S.C. §1985 and §1986.

52. This conspiracy to deprive the Plaintiff of her Constitutional Rights was part of an active policy and/or custom of the District, including the Defendants, to silence minority employees, discourage the exercise of constitutional rights by other minority employees, and ultimately terminate first year teachers of colour, teachers of colour hired after July 2011, and other teachers of colour using Florida Statutes §1012.335 and §1012.35 without any negative impact on the Defendants.

53. It was the policy and/or custom of the District, including the Defendants, to collaborate and conspire to do anything they could to demote and harass the Plaintiff from her position.

54. As a result of the above described policies and customs, administrators of the District, including the Defendants, failed to properly monitored its superintendents, investigatory agents, principals, and others from conspiring to deprive the Plaintiff of her constitutional rights in violation of 42. U.S.C. §1986.

55. The above described actions and practices demonstrate a deliberate conspiracy on the part of the District and all Defendants to deprive the constitutional rights of the Plaintiff and were the cause of the violations of Plaintiff's rights alleged herein.

**COUNT IV**
***RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964***
***Against Defendants Avossa, McKeever, District (Board)***

56. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

57. At all relevant times, Plaintiff was an employee and Defendants were her employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, as amended, 42 USC '2000e, et seq.

58. Plaintiff is a member of a protected class; she is a Black Woman.

59. At all times, Plaintiff performed her job duties in a manner that was satisfactory or better.

60. Defendants' treatment of Plaintiff, as described above, was based, at least in part, on the unlawful consideration of her race.

61. Defendants and its agents and representatives were predisposed to discriminate on the basis of race and acted in accordance to the District's predisposition, history, culture, and tradition.

62. Defendants and its agents and representatives treated similarly situated non-black employees more favorably than Plaintiff, in the terms, conditions and/or benefits of employment.

63. Defendants created a hostile environment towards Black employees.

64. The actions of Defendants were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

65. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning

capacity; loss of career opportunities; loss of fringe benefits and pension benefits; mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation.

**COUNT V**
***AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 U.S.C. § 621 Against Defendants Avossa, McKeever, District (Board)***

66. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

67. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

68. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits and pension benefits; mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation.

**COUNT VI**
***RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 Against Defendants Avossa, McKeever, District (Board)***

69. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

70. At all relevant times, Plaintiff was an employee and Defendants were her employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, as amended, 42 USC '2000e, et seq.

71. Defendants have engaged in unlawful retaliatory practices in violation of Title VII of the Civil rights Act of 1964, U.S.C. § 2000e-3a by demoting and refusing requested transfer by Plaintiff because she opposed and voiced discriminatory practices to the Defendants.

72. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

73. The unlawful employment practices described above were intentional and coordinated.

74. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

75. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits and pension benefits; mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation.

**COUNT VII**
***42 U.S.C. §1983***
***Violation of Procedural Due Process in Violation of Fourteenth Amendment***
***Against Defendants Avossa, McKeever District***

76. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

77. Defendants violated the constitutional due process rights of Plaintiff through their policies, procedures, and practices with respect to demotions, suspensions, terminations, and transfers of teachers in the Palm Beach County School District.

78. Defendants must provide notice, hearings, and/or safeguards for Plaintiff and other teachers who are in their current job/position, but instead take arbitrary and abusive action against Plaintiff and other teachers by denying notice or hearings.

79. The policies, practices, and procedures employed by Defendants to demote and deny transfers to Plaintiff and other teachers of their current job/positions are used arbitrarily and in retaliation.

80. Defendant did not provide Plaintiff with sufficient notice prior to her demotion.

81. The actions and/or omissions of Defendants constitute a pattern or practice of violations of the Fourteenth Amendment of the United States Constitution.

82. Furthermore, Defendants' actions and/or omissions, caused grievous, irreparable, and lasting harm to Plaintiff, and Plaintiff will continue to suffer irreparable harm in the absence of relief.

**COUNT VIII**
***42 U.S.C. §1983***
***Violation of Substantive Due Process in Violation of Fourteenth Amendment***
***Against Defendants Avossa, McKeever, District***

83. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

84. Defendants violate the substantive due process rights of Plaintiff through their policies, procedures, and practices with respect to discretionary, arbitrary, and retaliatory use or non-use of notice and hearings for Plaintiff.

85. Defendants' pattern and practice of demoting Plaintiff and other teachers without procedural safeguards, deprives Plaintiff of her liberty by government action that is arbitrary and retaliatory.

86. Defendants did not provide Plaintiff with sufficient notice of demotion.

87. The actions and/or omissions of Defendants constitute a pattern or practice of violations of the guarantee of substantive due process of the Fourteenth Amendment to the United States Constitution.

88. Defendants' actions and/or omissions, caused grievous, irreparable, and lasting harm to Plaintiff, and Plaintiff will continue to suffer irreparable harm in the absence of relief.

**COUNT IX**
***RESPONDEAT SUPERIOR OF THE DISTRICT***

89. Plaintiff re-alleges and incorporates by reference ¶¶ 1–40.

90. Defendant District is liable for the unlawful and unconstitutional actions and damages against Plaintiff by Defendants Robert Avossa and Cheryl McKeever. The District employed Robert Avossa and Cheryl McKeever, who committed unlawful and unconstitutional actions and damages while acting in the scope of their employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional;

C. A judgment for lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled;

D. Award Plaintiff compensatory and punitive damages against Defendant;

E. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to all applicable provisions of law;

F. Enter a permanent injunction, upon proper motion, requiring Defendants to adopt appropriate policies related to the hiring and supervision of employees and administration regarding the treatment of racial minority students, teachers, employees;

G. Enter a permanent injunction enjoining Defendants from engaging in any employment practices which retaliates against employees who complain about discrimination;

H. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully Submitted

Dated this 22nd day of September, 2016.

by: s/ Danielle Watson, Esq.

*WATSON LEIGH*
*LAW AND EDUCATION*
*SERVICES GROUP, INC.*
*Attorney for Plaintiff*
*P.O. Box 221172*
*West Palm Beach, FL 33422*
*Tel: (888) 399-0678*
*Fax: (888) 371-1475*
*Service: service@WatsonLeigh.com*
*By:/s/ Danielle Watson*

*Danielle R. Watson, Esquire*
*Email: Danielle@WatsonLeigh.com*
*Florida Bar No: 93155*
*By:/s/ Malik Leigh*
*Malik Leigh, Esquire*
*Email: Malik@WatsonLeigh.com*
*Florida Bar No: 89820*