**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:16-CV-81623-ROSENBERG/HOPKINS**

LORETTA PARISH-CARTER,

    Plaintiff,

v.

ROBERT AVOSSA, CHERYL
MCKEEVER & THE SCHOOL BOARD
OF PALM BEACH COUNTY,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss [DE 31]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff initiated this suit on September 22, 2016, alleging that she, a black teacher of approximately forty years of age, had been subject to racial and age discrimination. In connection with her allegations of discrimination, Plaintiff sued the public school board that employed her, the school principal who supervised her, and the superintendent responsible for her school district—the Defendants in this case. Defendants filed a motion to dismiss and the Court heard oral argument on the motion on January 5, 2017. The Court granted Defendants' motion to dismiss insofar as each of Plaintiff's claims for relief was dismissed—some with prejudice and some without prejudice. DE 25. Plaintiff amended her complaint and Defendants filed a new motion to dismiss. Defendants' second motion to dismiss is the

motion currently before this Court. Plaintiff's Amended Complaint contains the following counts: A claim for relief under 42 U.S.C. § 1981 and § 1983 against the Defendant School Board (Count I); a claim for relief under 42 U.S.C. § 1981 and § 1983 against the individual Defendants (Count II); a racial discrimination claim under Title VII of the Civil Rights Act against the Defendant School Board (Count III); an age discrimination claim under the Age Discrimination in Employment Act against the Defendant School Board (Count IV), a retaliation claim under Title VII of the Civil Rights Act against the Defendant School Board (Count V), a claim for substantive due process violations against all Defendants (Count VI), and a retaliation claim under the Florida Civil Rights Act against the Defendant School Board (Count VII).

## I. LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## II. ANALYSIS

Defendants argue that Plaintiff's Amended Complaint should be dismissed on several different grounds. Defendants' arguments may be grouped into the following categories: (1) Plaintiff's Amended Complaint does not generally conform to federal pleading standards, (2) Plaintiff's first count should be dismissed because Plaintiff fails to allege any unconstitutional school board customs or policies, (3) Plaintiff's claims should be dismissed as to the individual Defendants because those Defendants are entitled to qualified immunity, (4) Plaintiff fails to state a claim for discrimination, (5) Plaintiff's substantive due process count, Count VI, fails as a matter of law, and (6) Plaintiff's prayer for punitive damages should be stricken. Each argument is addressed in turn.

### 1. Federal Pleading Standards

Defendants argue generally that Plaintiff's Amended Complaint does not conform to federal pleading requirements because the Amended Complaint does not contain enough factual detail. The Court disagrees—Plaintiff's nineteen-page Amended Complaint contains enough factual detail that, viewing all inferences in Plaintiff's favor, the Amended Complaint

3

complies with the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants' arguments on this point are therefore rejected.

### 2. The Sufficiency of Plaintiff's Allegations of an Unconstitutional Policy or Custom (Count I)

Defendants argue that Plaintiff has failed to allege a custom or policy by the Defendant School Board as is necessary for Plaintiff to state a claim for municipal liability for a violation of Plaintiff's constitutional rights. Plaintiff's response is that the foregoing is not the only way a municipality can be held liable under 42 U.S.C. § 1983. For example, a municipality may be held liable when "on the basis of ratification [] a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002). Plaintiff has alleged that the discriminatory acts in her Amended Complaint were "perpetrated and/or ratified by those possessing final decision making authority." DE 30 ¶ 64. As a result of that ratification, Plaintiff has alleged that school administrators "believed that their actions would not be properly monitored by supervisory administrators and that the [Defendants' conduct] would not be investigated or sanctioned, but [instead] would be tolerated." *Id.* ¶ 65. Plaintiff's allegations are sufficient to state a claim for municipal liability under 42 U.S.C. § 1983 and, as a result, Defendants' arguments on this point are rejected. Count I survives.

### 3. Qualified Immunity (Count II)

Defendants argue that qualified immunity should apply to Plaintiff's claims against the

individual Defendants in this case—Avossa and McKeever.[1]  "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002).  The purpose of qualified immunity is to allow officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987), while "protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee*, 284 F.3d at 1194 (internal citation and quotation marks omitted).  Defendants' argument is based upon the sufficiency of the allegations in Plaintiff's Amended Complaint.  *See* DE 31 at 7-8 ("Plaintiff provides no additional facts relating to how she was discriminated against because of these protected classifications by either of these two Defendants.").  Stated simply, Defendants argue that Plaintiff has not alleged sufficient facts such that, accepted as true, Defendants are not entitled to entitled to qualified immunity.  The Court addresses each individual Defendant separately.

With respect to Defendant McKeever, Plaintiff has alleged a significant amount of relevant factual content. Although the strongest inference in the Amended Complaint is that Defendant McKeever took action against Plaintiff because Plaintiff challenged her authority and control, a plausible inference does exist (viewing all inferences in Plaintiff's favor) in the Amended Complaint that, after Defendant McKeever reduced Plaintiff's pay the Plaintiff complained and, as a result, Defendant McKeever personally undertook a program to adversely affect Plaintiff's employment for personal and discriminatory reasons.  *See* DE 30

---

[1] Although Plaintiff has brought claims against individual Defendants in another count, Count VI, that count is addressed separately below.

¶¶ 15-50, 68-83. Because the right to be free of racial (and age) discrimination is a clearly established right, claims based upon the same negate claims for qualified immunity. *See, e.g.*, *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1313, 1321 (11th Cir. 2000). Plaintiff has alleged that the culmination of Defendant McKeever's campaign against her was to demote Plaintiff and replace her with a younger white teacher, even though white teachers made up an extremely small percentage of the pool of replacements at Plaintiff's school and even though the replacement had fewer credentials and less experience than Plaintiff. DE 30 ¶¶ 24-27, 100. For these reasons, Plaintiff has alleged enough factual content that, accepted as true, states a claim sufficient to overcome qualified immunity and Plaintiff's Count II survives against Defendant McKeever, however, Defendants may raise this defense anew at summary judgment.

With respect to Defendant Avossa, however, Plaintiff has not plausibly alleged anything at all. Although Plaintiff sets forth the legal conclusion that Defendant Avossa intentionally discriminated against Plaintiff on the basis of race and age, there are no facts in the Amended Complaint to support Plaintiff's legal conclusion. Indeed, factual allegations specific to Defendant Avossa are absent from the Amended Complaint.[2] Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough *facts* to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). "A claim has facial plausibility when the pleaded *factual content* allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550

---

[2] The Court does not consider Plaintiff's repeated references to the plural "Defendants" to be, without more, specific factual allegations as to Defendant Avossa.

U.S. at 556) (emphasis added). There are no factual allegations in the Amended Complaint specific to Defendant Avossa and, moreover, there are certainly no factual allegations in the Amended Complaint sufficient to raise Plaintiff's right to relief to the level of plausibility required by *Twombly* that are in turn sufficient to overcome qualified immunity. For the foregoing reasons, Plaintiff's Count II survives against Defendant McKeever and is dismissed as to Defendant Avossa. Because Plaintiff has had an opportunity to amend her complaint in this case, because Plaintiff was on notice of Defendants' arguments on this issue prior to the expiration of the amended pleadings deadline, and because the amended pleadings deadline expired over two months ago, the Court's dismissal as to Defendant Avossa is with prejudice.

### 4. The Sufficiency of Plaintiff's Allegations of Discrimination

Defendants argue that Plaintiff has failed to state a *prima facie* claim for racial or age discrimination. For Plaintiff to allege a *prima facie* claim, Plaintiff must allege (1) that she belongs to a protected class, (2) that she was qualified to do her job, (3) that she was subject to an adverse employment action, and (4) that her employer treated similarly situated employees outside of her class more favorably. *Crawford v. Caroll*, 529 F.3d 961, 970 (11th Cir. 2008). Plaintiff has alleged that she is a member of a protected class. DE 30 ¶ 15. Plaintiff has alleged that she was qualified to do her job. *Id.* at ¶¶ 15-19. Plaintiff has alleged that she suffered an adverse employment action. *Id.* ¶ 24. Plaintiff has alleged that she was replaced by two white teachers—both of whom were younger than Plaintiff and both of whom had "fewer credentials, less experience, and fewer service years than Plaintiff." *Id.* ¶¶ 25-27, 100. It is therefore Plaintiff's allegation that her (white and younger) replacements were less qualified than Plaintiff. This is sufficient for Plaintiff to state a claim for racial and age

discrimination. Although Defendants argue that the mere fact that Plaintiff's replacements were white and/or younger with less experience than Plaintiff does not necessarily mean that those individuals are outside of Plaintiff's protected classes (or similarly situated), that is a fact-based inquiry that is improper on a motion dismiss. For that reason, it is unsurprising that the only case Defendants cite for this specific proposition, *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), was decided on summary judgment.[3] Defendants' arguments on this point are rejected.

### 5. Plaintiff's Claim for Substantive Due Process Violations (Count VI)

Plaintiff's sixth count is labeled "Violation of Substantive Due Process." As Defendants point out, the Eleventh Circuit has repeatedly held that employment rights, like those at issue here, even if construed as property rights, are not created by the Constitution. *See, e.g.*, *Laskar v. Peterson*, 771 F.3d 1291, 1297 (11th Cir. 2014) (considering public employment rights in the context of originating from contract). Substantive due process rights are only created by the Constitution. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). For this reason, it is well settled that public employees do not enjoy a substantive due process right in public employment. *Id.* at 1556-57; *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir. 1992). Plaintiff's Count VI, if it is indeed intended to raise a claim for substantive due process violations, is dismissed with prejudice for these reasons.

Defendants take the position, however, that what Plaintiff truly intended with Count VI was to bring a claim for *procedural* due process violations. Plaintiff appears to confirm

---

[3] Defendants similarly argue that because Defendant McKeever is black, this creates an inference against Plaintiff's charge of racial discrimination. Each of Defendants' five cited cases on this point were decided either at trial or at summary judgment. DE 31 at 11-12. This argument is premature. Finally, Plaintiff has also alleged sufficient factual content to survive Defendants' arguments that Plaintiff has not sufficiently pled a cause of action for discriminatory retaliation.

Defendants' contention because Plaintiff's response to Defendants' arguments on Count VI clearly argues that Plaintiff's procedural due process rights have been violated. DE 36 at 12. After extensive oral argument, this Court previously dismissed Plaintiff's claim for procedural due process violations *with prejudice*. DE 25. The Court's dismissal was for various reasons set forth on the record at the hearing on January 5, 2017; however, one prominent reason was that Plaintiff had adequate grievance and state forums available to her regardless of the extent to which she chose to exercise those procedural safeguards. The Court's prior dismissal with prejudice is the law of the case and, to the extent Plaintiff's Count VI is intended to re-raise a claim for procedural due process violations, that claim remains dismissed with prejudice.

### 6. Plaintiff's Prayer for Punitive Damages

Defendants argue that Plaintiff's prayer for punitive damages should be stricken because the allegations in the Amended Complaint do not rise to the level necessary to support an award of punitive damages. Punitive damages are appropriate when a defendant has acted with malicious intent, evil motive, or reckless or callous disregard for the rights and safety of others. *Bennis v. Gable*, 823 F.2d 723, 734 (3d Cir. 1987). Upon review of the Amended Complaint, this is a close question. While it is true that the factual allegations in the Amended Complaint do not clearly show an entitlement to punitive damages, the Court is required to view all factual inferences in favor of Plaintiff. Viewed in this light, it is possible to glean an allegation of malicious and discriminatory intent on behalf of some Defendants. For this reason, the Court concludes that for the purposes of the instant Motion to Dismiss Plaintiff's prayer for punitive damages should survive. However, to the extent Plaintiff seeks punitive damages for her claim under the Age Discrimination in Employment Act, Count IV,

Defendants' Motion to Dismiss is granted because punitive damages (and damages for pain and suffering) may not be recovered under that statute. *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985).

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 31] is **GRANTED IN PART AND DENIED IN PART** insofar as (i) Defendant Avossa in his individual capacity is dismissed from this case with prejudice, (ii) Count VI is dismissed with prejudice, (iii) Plaintiff's prayer for punitive damages under Count IV is stricken, and (iv) Plaintiff's remaining counts survive. Defendants' request for attorney's fees is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of June, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record