UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:16-CV-81623-ROSENBERG/HOPKINS

LORETTA PARISH-CARTER,

    Plaintiff,

v.

CHERYL MCKEEVER & THE
SCHOOL BOARD OF PALM
BEACH COUNTY,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' joint Motion for Summary Judgment [DE 55]. The motion has been fully briefed. Plaintiff, a black math teacher and a former math department chair at Palm Beach Lakes High School, brought this suit alleging that she was discriminated against based upon her race and age. Plaintiff was forty-five years of age at the time she alleges she was discriminated against based on her age. Plaintiff's supervising vice principal was black and forty years of age.[1] Plaintiff's supervising principal—Defendant McKeever—was black and fifty-five years of age. Plaintiff was not fired or formally demoted by Defendants. Instead, Plaintiff lost certain duties and responsibilities (as well as accompanying pay) when school administrators selected two other teachers to serve as the math department chair. The two teachers who replaced Plaintiff as math chair are white; one of the teachers is younger than Plaintiff (by ten years) and one of the teachers is older (by seven years). This is the extent of Plaintiff's evidence of discrimination. When this scintilla of evidence is placed in the context of all other (non-discriminatory) evidence in the record, no reasonable juror could conclude that Plaintiff was discriminated against on the basis

---

1 For the sake of clarity, the Court has endeavored to reference the ages of all persons as the age they were at the time of the events in this case.

of her race or age. *Anderson v. Liberty Lobby*, 477 U.S. 242. 251-52 (1986) (noting that a mere "scintilla" of evidence is insufficient to resist a motion for summary judgment). For this reason, Defendants' Motion for Summary Judgment is granted. Alternatively, Defendants' Motion for Summary Judgment is granted because Defendants have proffered non-discriminatory reasons for their actions and Plaintiff has no evidence upon which a reasonable juror could rely to establish that Defendants' non-discriminatory reasons were pretextual.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party

satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## II.  BACKGROUND FACTS

The Court sets forth below some of the facts in this case for background purposes. Disputed facts germane to the Court's decision are discussed in detail in the Court's analysis section, *infra*.

Plaintiff began her employment with the Defendant School Board in 1999 as a math teacher. DE 56 at 2. Plaintiff was placed at Palm Beach Lakes High School, where she continues to work to this day. *Id.* In 2006, Plaintiff was selected by school administrators to serve as the math department chair. *Id.* Plaintiff served as the math department chair until 2013. *Id.* In 2013, Plaintiff was replaced as math department chair by a school principal who is not a named party in this case. In 2014, Defendant McKeever became the new principal for Palm Beach Lakes High School. *Id.* at 3. McKeever immediately selected Plaintiff as math department chair. *Id.*

Despite being selected as math department chair, Plaintiff did not receive the stipend associated with the position. *See* DE 61 at 7. Plaintiff ultimately filed a grievance with her local union pertaining to her failure to receive her stipend. *Id.* Plaintiff's grievance was successful insofar as Plaintiff received her stipend. *See id.* at 7-8. After Plaintiff's grievance (which did not contain any allegations of discrimination based upon race or age), Plaintiff alleges that she began to

3

experience racial and age discrimination from her school administrators. *See id.* The grounds upon which Plaintiff alleges she was discriminated against are varied.

In 2015, after Plaintiff had served as math chair for one school year, school administrators replaced Plaintiff. DE 56 at 4. Plaintiff was not immediately informed that she was being replaced. *Id.* at 4-5. Plaintiff learned of her replacement soon after she reported for work for the next school year. *See id.* Soon after the school year ended, Plaintiff filed the instant suit.

### III. ANALYSIS

Plaintiff has brought the following claims against Defendants: a claim for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 against Defendant School Board (Count I); a claim for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 against Defendant McKeever (Count II); a racial discrimination claim under Title VII of the Civil Rights Act against Defendant School Board (Count III); an age discrimination claim under the Age Discrimination in Employment Act against Defendant School Board (Count IV); a retaliation claim under Title VII of the Civil Rights Act against Defendant School Board (Count V); and a retaliation claim under the Florida Civil Rights Act against Defendant School Board (Count VII).[2] Plaintiff's claims can be grouped into two categories: racial and age discrimination claims and retaliation claims. With respect to each of Plaintiff's racial and age discrimination claims (Count I, Count II, Count III, and Count IV), these claims necessarily require evidence that Plaintiff was discriminated against based upon a protected characteristic—either her race or her age. With respect to Plaintiff's retaliation claims (Count V and Count VII), those claims require, *inter alia*, evidence that Defendants' non-discriminatory reasons for their alleged unlawful retaliatory acts were pretextual.

---

2 The Court previously dismissed with prejudice Count VI, a claim for due process violations. DE 53.

Defendants' Motion for Summary Judgment is premised upon the contention that Plaintiff's evidence as to both of these categories is deficient as a matter of law. The concrete employment-actions upon which Plaintiff alleges that she suffered racial and age based discrimination are: (A) the loss of her stipend, (B) the loss of her position as math chair, and (C) her inability to transfer to another school when she sought transfer. The record evidence that Plaintiff relies upon in support of her contention that she was subject to harassment in the workplace consists of: (D) a school-wide meeting held in 2015, (E) Plaintiff's restroom access, (F) observations conducted by school administrators in Plaintiff's classroom, (G) Plaintiff's assignment to teach algebra classes, and (H) Plaintiff's evaluation scores. The Court first analyzes the record evidence in each of these categories and then turns to the legal sufficiency of Plaintiff's claims.

A. **PLAINTIFF'S STIPEND**

There is no dispute in the record that Plaintiff was promised a stipend, Plaintiff was not paid a stipend, Plaintiff complained,³ and then Plaintiff received her stipend. Plaintiff attributes the temporary withholding of her stipend to the discriminatory practices of the Defendants. There is no support for this contention in the record.

Plaintiff has no direct evidence that her stipend was withheld for discriminatory reasons; the burden, therefore, is on Plaintiff to produce a comparator who "must be similarly situated in all relevant respects" and who was treated differently than Plaintiff. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1192 (11th Cir. 2016). Plaintiff has no comparator. Instead, Plaintiff's record evidence shows that there were multiple unspecified employees at Plaintiff's school who

---

3 At the time that Plaintiff officially complained, she made no allegations that she had been denied her stipend for discriminatory reasons. DE 61 at 1.

experienced paycheck issues. DE 62-11 at 6, 9, 10, 13, 17, 22, 25. Plaintiff's claims premised upon the loss of her stipend fail due to her lack of a comparator.

Even if Plaintiff did possess a comparator, Defendants have provided a legitimate, non-discriminatory reason for Plaintiff's failure to receive her stipend. Defendant McKeever testified that the stipend issue was caused by an error by another administrator in connection with payroll processes. DE 56-9 at 375. Defendants' explanation is plausible for two reasons. First, Plaintiff was undisputedly selected by Defendant McKeever to be awarded the stipend; it is, therefore, unbelievable that soon after Plaintiff was selected by McKeever to receive a stipend, McKeever then withheld the stipend for discriminatory reasons. Second, once Plaintiff complained, her stipend was restored. Plaintiff argues Defendants' non-discriminatory explanation is implausible because the parameters of Plaintiff's position (a single department chair was to receive the stipend) were clear and any confusion regarding how the stipend was to be apportioned (incorrectly divided between two persons) is not a credible explanation. DE 62 at 9. The Court does not agree. Plaintiff has provided no evidence that Defendants' payroll-error explanation was pretextual and, instead, the record evidence supports Defendants' explanation. The burden is on Plaintiff to demonstrate "such weaknesses, implausabilities, inconsistencies, incoherencies, or contradictions . . . that a reasonable factfinder could find them unworthy of credence." *Flournoy v. CML-GA WB, LLC*, 851 F.3d 1335, 1339 (11th Cir. 2017) (quoting *Vessels v. Atl. Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005)). Plaintiff has not carried this burden as to this issue.

B. **PLAINTIFF'S POSITION AS MATH CHAIR**

Plaintiff, in her capacity as math department chair, was replaced by two individuals. At that time, Plaintiff was forty-five years of age. DE 56-5 at 13. One of Plaintiff's replacements was white and thirty-five years of age. DE 56-6 at 2. The other individual was white and older than

Plaintiff—approximately fifty-two years of age. *See* DE 56-8 at 1. When these isolated facts are examined in the context of the entire record, the Court concludes that no reasonable juror could find that Plaintiff was replaced due to improper racial or age-based discriminatory reasons. *See Anderson v. Liberty Lobby*, 477 U.S. 242. 251-52 (1986) (noting that a mere "scintilla" of evidence is insufficient to resist a motion for summary judgment).

Furthermore, Defendants have provided non-discriminatory reasons, supported by evidence in the record, for Plaintiff's removal from her position as math department chair. First, Defendants state that algebra scores were stagnant and had not increased during that school year or the three years prior. DE 56-7 at 2. Second, Defendants state that there were "morale issues" and some math teachers had complained about Plaintiff's style and lack of approachability. *Id.* Plaintiff offers no counterevidence to Defendants' non-discriminatory reasons for removing her as math chair. Plaintiff merely states that she "can neither confirm nor deny, the validity of the Statement and therefore, denies." DE 61 at 3. Plaintiff asserts, without a citation to any evidence, that she had no control over the performance issues of students. Local Rule 56.1(a) requires statements of material fact submitted in opposition to a motion for summary judgment to be supported by evidence. Plaintiff has not complied with this requirement and therefore the Court deems Plaintiff's deficient response to be an admission, a conclusion compelled by Local Rule 56.1(b).

Alternatively, even if the Court considers Plaintiff's statement in opposition to be a facially sufficient denial of Defendants' contention, Plaintiff still has not taken Defendants' non-discriminatory reasons "head on" and "rebutted" those reasons. *See Chapman v. Al Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). Plaintiff's contention that she had no control over the performance issues of math students is not supported by any citation to evidence. *See* DE 61 at 3. Moreover, the germane question is not whether Plaintiff was at fault for stagnant algebra scores, but

whether Defendants were dissatisfied with Plaintiff for any non-discriminatory reason, "even if mistakenly or unfairly so," instead of using the reason as a cover for a discriminatory motive. *Alvarez v. Royal Atlantic Dev., Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010). Also, Defendants have provided evidence that employees considered for Plaintiff's position (alternatives to the white employees who replaced Plaintiff) were black, but those candidates were not interested in the math department chair position. DE 56-7 at 3. Plaintiff attempts to tangentially deny that Defendants considered two black employees for her position as math chair, but her citation to evidence in support of her denial is limited to her own testimony that her supervisor stated he "wanted to try something different" and her own opinion that by "something different" he meant someone who was not black. *See* DE 61 at 8. The Court is only required to construe *reasonable* inferences in favor of Plaintiff; Plaintiff's contention here is unreasonable in light of the fact that the ultimate decision-maker at Plaintiff's school was black and older than Plaintiff, prior math department chairs were black and older than Plaintiff, and subsequent math department chairs were black and older than Plaintiff. DE 56-7. In summary, there is no argument or evidence before this Court sufficient for Plaintiff to show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions. . . that a reasonable fact finder could find all of those [non-discriminatory] reasons unworthy of credence" as to this issue.

### C. **PLAINTIFF'S INABILITY TO TRANSFER**

Plaintiff alleges that she was "black-balled" by Defendant McKeever (on the basis of her race and age) and, as a result, she was not permitted to transfer to a position at another school. DE 62 at 10. Plaintiff asserts that she applied for three different types of teaching positions. DE 56-5 at 78. Some of those positions were at Jupiter High School. *Id.* Although Plaintiff applied for those positions, she did not get an interview. *Id.* She did not investigate why she did not get an interview.

*Id.* Then, Plaintiff applied for a position at Palm Beach Gardens High School. *Id.* Plaintiff was interviewed but not selected, and she inquired as to the reason she was not selected. *Id.* She was told that the principal at that high school was looking for someone who could double as a baseball coach—something Plaintiff could not do. *Id.* Then, Plaintiff applied for jobs "outside of the classroom" at her school district. *Id.* at 79-80. A school district employee informed Plaintiff that she could not be interviewed because no teacher was permitted to transfer out of her school[4] during the time period at issue. *Id.*

Defendants persuasively point out that Plaintiff has no evidence to support her claim of discrimination based on her inability to transfer. In Plaintiff's own deposition, she acknowledges that she did not investigate why she was not hired at Jupiter High School. Plaintiff simply cannot establish that the position "remained open or was filled by another person outside of her protected class" as the law requires. *Trask*, 822 F.3d at 1191. Similarly, Plaintiff has no evidence that the position at Palm Beach Gardens High School "remained open or was filled by another person outside of her protected class." *Id.* Plaintiff also lacks evidence that the principal at Palm Beach Gardens High School lied about seeking an applicant who had baseball-coaching experience. Finally, Plaintiff has no evidence that the school district's proffered reason for electing not to hire a math teacher (or possibly any teacher) from her school was pretextual or false—a condition that was race and age neutral on its face. Plaintiff offers no specifics as to what "outside of the classroom" positions she applied for and whether she satisfied the employer's objective qualifications for those positions—another legal requirement for a refusal to hire claim. *Vessels*, 408 F.3d at 769. Nor has Plaintiff shown that the school district positions remained open or were filled by another person

---

4 There is implicit evidence in the record that Plaintiff's school was struggling to staff math courses. DE 56-9 at 234. Plaintiff contends that her school struggled to staff math courses in her response, albeit without a citation to the record. DE 62 at 11.

outside of her protected class; Plaintiff in fact testified that she knew of at least one black teacher at her school who *did* successfully transfer to another school. DE 56-5 at 186. That teacher transferred to Jupiter High School, the same school that Plaintiff contends she was prevented from transferring to on the basis of her race. DE 56-10 at 7-9. In conclusion, Plaintiff's claims premised on her inability to transfer fail for all for all of the reasons set forth above.

### D. A SCHOOL-WIDE MEETING ON DECEMBER 10, 2015

Plaintiff's remaining allegations relate to a hostile work environment. To establish a hostile work environment claim under Title VII, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012). To prove a prima facie case of hostile work environment, a plaintiff must establish that: (1) he or she belonged to a protected group, (2) he or she was subjected to unwelcome harassment, (3) the harassment was based on a protected characteristic, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his or her employment and create an abusive working environment, and (5) a basis exists for holding the employer liable. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). Defendants argue that Plaintiff cannot establish the third and fourth elements.

On December 10, 2015, Defendant McKeever held a staff meeting. The record evidence supports Plaintiff's contention that, at that meeting, McKeever's demeanor was rude, angry, and confrontational. However, there is no record evidence that McKeever made comments based upon race, age, sex, or any other protected classification and thus the Court concludes that any harassment by McKeever was not based upon a protected characteristic. Failure to establish the third element of a hostile work environment claim is dispositive of the claim. Nevertheless, the Court considers

whether Plaintiff can establish the fourth element—that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create an abusive working environment

Courts must consider alleged hostile work environment conduct in context and cumulatively, looking at the totality of the circumstances. *Id.* at 1242. The environment must be one that a reasonable person would find hostile or abusive. *Id.* Four factors are important in analyzing whether harassment objectively altered the terms and conditions of the employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the employee's job performance. *Id.* Here, there is no evidence of physical threats or evidence that a meeting resembling the December meeting ever reoccurred. Federal law does not require civility. *Id.* at 1245. In an age or race-based case, harassing statements and conduct must be of a racial nature before they can be considered in determining whether the severe or pervasive requirement is met. *See Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000); *Mendoza*, 195 F.3d at 1242; *see also Laosebikan v. Coca-Cola Co.*, 167 F. App'x 758, 765-66 (11th Cir. 2006). As there is no evidence of race or age-based harassment at the meeting, the Court concludes that there was insufficient age or race-based harassment for the meeting to qualify—from the perspective of a reasonable person—as a basis for Plaintiff's hostile work environment claims.

### E. **PLAINTIFF'S RESTROOM ACCESS**

Plaintiff testifies that she "buzzed the office" twice and no one came to relieve her so she could use the restroom. DE 56-5 at 138. Plaintiff therefore asked another teacher to watch her classroom while she went to the restroom. *Id.* As Plaintiff left for the restroom, an employee from the school's central office arrived to relieve Plaintiff. Plaintiff contends that she was made to wait to

access the restroom because of her race and age; again, as with other of Plaintiff's claims, there is no evidence in the record to support this contention that Plaintiff's delayed access to the restroom was due to her race or age. Plaintiff confirmed that she was unaware of any white teacher being permitted rapid access to a restroom. *Id.* at 139. Indeed, Plaintiff's own testimony would seem to establish just the opposite. Plaintiff testified that she was informed by relief personnel that "teachers do not get restroom[] breaks" which, if true, would facially appear to apply to teachers of all races and all ages. *Id.* In conclusion, there is no evidence in the record that Plaintiff's delayed access to the restroom had any nexus to her race or age.

### F. **OBSERVATIONS OF PLAINTIFF'S CLASSROOM**

Plaintiff contends that, after she filed a grievance pertaining to the loss of her stipend, she was subjected to racial and age-based harassment in the form of frequent observations of her classroom. These observations were called "cruise-throughs" and were a unique creation of Defendant McKeever. Plaintiff admits that (1) Defendant McKeever created the cruise-throughs in response to complaints by school staff that school administration was never present in classrooms, (2) the purpose of cruise-throughs was for school officials to be present in classrooms with greater frequency, (3) cruise-throughs did not involve or replace formal evaluations, and (4) all school administrators were required to cruise-through classrooms at least five times per day. *See* DE 61 at 5-6. Plaintiff contends that the observations of her classroom were harassment because the observer would "sometimes [be] standing, just standing at the door staring." DE 56-5 at 39. She testified that sometimes the observations were once per week and sometimes they were multiple days per week. *Id.* It is unclear from Plaintiff's testimony how she knew she was subjected to more cruise-throughs than other teachers in the school (outside of the math department). Even viewing Plaintiff's

testimony in the light most favorable to Plaintiff, she cannot establish that the cruise-throughs qualify as racial or age-based harassment.

It is undisputed that the cruise-throughs were a school-wide policy. Every teacher was subjected to cruise-throughs. To the extent Plaintiff believes that she was subjected to more cruise-throughs and that the cruise-throughs were intimidating and harassing, she has not connected that belief to any evidence of racial or age-based harassment or discrimination. For example, it is undisputed that Plaintiff's classroom was in the largest building on campus with which school administration had the greatest access. DE 61 at 6. Plaintiff admits that teachers in her building were more likely to receive cruise-throughs.[5] *Id.* There is evidence in the record that a white teacher, older than Plaintiff, received so many cruise-throughs "it would be impossible . . . to even try to count them." DE 56-8. Perhaps unsurprisingly, the same teacher attested that the cruise-throughs were "un-nerving." *Id.* But even if cruise-throughs were unnerving and harassing in the abstract, Plaintiff is afforded a legal remedy for a hostile workplace environment only if the harassment was based upon a protected characteristic. There is no evidence in the record that a reasonable juror could rely upon to conclude that cruise-throughs were conducted on Plaintiff's classroom because she was black and forty-five years of age. At least a portion of the cruise-throughs were conducted by Plaintiff's vice principal—who is black and forty years of age—as well as Defendant McKeever—who is black and fifty-five years of age. *See* DE 56-5. Plaintiff herself connects the increase in cruise-throughs in her classroom to her decision to file a grievance pertaining to her lost stipend, but Plaintiff's grievance contained no allegations of race or age discrimination. DE 61 at 4. In summary, the record evidence establishes that cruise-throughs

---

5 Plaintiff states that she can neither "confirm nor deny" the evidence on this matter and that she therefore denies it. DE 61 at 6. A denial must be supported by evidence. Plaintiff has not provided any evidence that teachers in her building were not subjected to more cruise-throughs than she was.

were conducted for every teacher—regardless of their race or age—and, to the extent that Plaintiff contends she was subjected to an unusually high amount of cruise-throughs, (i) she has no evidence to connect the frequency of her cruise-throughs to her race or age, and (ii) she has no evidence to rebut Defendants' non-discriminatory reasons for a higher concentration of cruise-throughs (the location of her classroom) as pretextual.

### G. PLAINTIFF'S ASSIGNMENT TO TEACH ALGEBRA

Plaintiff—who taught mathematics for approximately fifteen years—was assigned by Defendant McKeever to teach algebra. DE 62 at 20. Plaintiff argues that this was an act of discrimination based upon her race and her age. *Id.* Plaintiff has not cited to any evidence that requiring an experienced mathematics teacher to teach algebra is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Instead, the record evidence establishes the opposite—algebra scores were stagnant at Plaintiff's high school and, as a result, a reasonable inference from that evidence is that an experienced teacher like Plaintiff would be assigned to directly handle that division. Plaintiff has no evidence that she was assigned to teach algebra because of her race or age.

### H. PLAINTIFF'S EVALUATION SCORES

Plaintiff argues that there is evidence of discrimination in the form of lower evaluation scores that she received after she complained about the loss of her stipend. DE 62 at 20. Plaintiff points to the "Student Growth" rating in her evaluation which, after she complained about her stipend, dropped from the level of the rating in prior years. In her deposition, however, Plaintiff conceded that this metric is an objective—not subjective—measurement that is based upon various

tests and derived from a formula; Plaintiff admitted that this metric was not subjectively assigned to her by anyone, including Defendant McKeever. DE 56-5 at 119.

## I. **APPLICATION OF RECORD EVIDENCE**

With respect to each of Plaintiff's claims that require evidence of discrimination and pertain to discrete actions by her employer (Count I, Count II, Count III, and Count IV), Plaintiff lacks sufficient evidence such that a reasonable juror could conclude that Plaintiff was discriminated against on the basis of her race or age. Alternatively, as to each of Defendants' non-discriminatory reasons substantiating their actions, Plaintiff has no evidence upon which a reasonable juror could rely to conclude that Defendants' non-discriminatory reasons were pretextual.

With respect to each of Plaintiff's claims that require evidence of discrimination and pertain to Plaintiff's allegations of a hostile workplace environment (Count I, Count II, Count III, and Count IV), Plaintiff lacks sufficient evidence such that a reasonable juror could conclude that the alleged harassment was based on a protected characteristic of Plaintiff or that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

With respect to each of Plaintiff's claims that require evidence of retaliation (Count V and Count VII), as a threshold matter, the Court is unpersuaded that Plaintiff has established a prima facie case.[6] However, even if Plaintiff has established a prima facie case for retaliation, her retaliation claims are subject to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Furcon v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1310 (11th Cir. 2016). Accordingly, Plaintiff must have evidence that rebuts the legitimate, non-discriminatory reasons

---

6 The Court concludes that Plaintiff has not established a prima facie case of retaliation for three reasons. First, most of the adverse actions that Plaintiff alleges occurred before she engaged in statutorily protected activity. Second, Plaintiff cannot show that her protected activity caused the alleged harassment. Third, while Plaintiff alleges some interference with her ability to transfer to a different school after she engaged in protected activity, that is not a materially adverse action for the purposes of a retaliation claim. *See Hart v. U.S. Atty. Gen.*, 433 F. App'x 779 (11th Cir. 2011).

cited by Defendants by showing those reasons were pretextual. *Id.* at 1313-14. As discussed above, Plaintiff has no evidence of pretext.

Plaintiff has marshalled evidence, at a minimum, that her relationship with her school administration was strained. Plaintiff has evidence that she was harassed, generally. Plaintiff has evidence that Defendant McKeever personally disliked Plaintiff because Plaintiff "challenged" McKeever's authority. But Plaintiff has no evidence that any action taken against her was a result of her race or age and Plaintiff has no evidence to rebut Defendants' non-discriminatory reasons for Defendants' actions. The record is devoid of evidence of discrimination and evidence that the Defendants' non-discriminatory reasons were pretextual that a reasonable juror could rely upon. Each of Plaintiff's claims fail as a matter of law. Defendants' Motion for Summary Judgment is granted in full.

## IV.    CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Defendants' joint Motion for Summary Judgment [DE 55] is **GRANTED** and the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 15th day of September, 2017.

_____
ROBIN L. ROSENBERG
Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE