**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:16-CV-81623-ROSENBERG/HOPKINS**

LORETTA PARISH-CARTER,

    Plaintiff,

v.

ROBERT AVOSSA, CHERYL
MCKEEVER & THE SCHOOL BOARD
OF PALM BEACH COUNTY,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO
STRIKE AND DENYING PLAINTIFF'S RENEWED MOTION TO STRIKE**

This cause is before the Court on Defendants' Renewed Motion to Strike [DE 79] and Plaintiff's Renewed Motion to Strike [DE 81].[1] Each party has responded to the opposing party's motion. The Court held an evidentiary hearing that lasted approximately two hours and thirty minutes on both motions on September 27, 2017. For the reasons set forth below, Defendants' Renewed Motion to Strike is granted; Plaintiff's Renewed Motion to Strike is denied; Defendants are entitled to attorney's fees; and Plaintiff's counsel shall be referred for discipline to the Florida Bar.

The facts underlying the dispute before the Court are not complicated and, for the most part, are not disputed. The parties were required by this Court to file a joint pretrial stipulation. The parties collaborated over the course of several days on the stipulation. On the final day before the stipulation was due, Defendants e-mailed Plaintiff with a finalized draft of the

---

[1] The Court previously denied each parties' motion to strike without prejudice to be raised, if necessary, after a final resolution of Plaintiff's claims. DE 77. A final resolution on Plaintiff's claims was reached on September 15, 2017. DE 78.

stipulation. Defendants requested Plaintiff's authorization to file the stipulation. While Defendants were awaiting authorization, Plaintiff's counsel, Mr. Malik Leigh, sent an e-mail to Defendants' counsel, Ms. Lisa Kohring. That e-mail is the root of the dispute before the Court and simply read "Pre trial Stipulation to sign and file."[2] DE 89-1 at 20. Ms. Kohring and her staff interpreted Mr. Leigh's e-mail to mean that they had permission to file the pretrial stipulation they had requested authorization for and, as a result, Ms. Kohring filed the version of the pretrial stipulation that she believed Mr. Leigh had approved. Mr. Leigh's e-mail was intended by him, however, to proffer a new draft of the pretrial stipulation not previously seen by Ms. Kohring. Mr. Leigh therefore did not agree to the joint pretrial stipulation that was ultimately filed by Defendants.

An additional and related dispute between the parties is that Defendants affixed the electronic signature of Mr. Leigh's partner and co-counsel in this case, Ms. Danielle Watson, to the pretrial stipulation. When Mr. Leigh learned that the pretrial stipulation Defendants filed was not the version he approved (and bore the signature of his co-counsel), his response was to file his own unilateral pretrial stipulation, which he filed approximately two hours after Defendants' pretrial stipulation.

Mr. Leigh attached to his pretrial stipulation an addendum that explained his unilateral filing. That addendum stated that Mr. Leigh's unilateral filing was a response to Ms. Kohring's "forgery" of Ms. Watson's signature. DE 73-1. But Mr. Leigh did not stop there. Soon after, Mr. Leigh filed a Florida Bar complaint against Ms. Kohring. Ms. Watson also initiated the process of investigating possible criminal forgery charges against Ms. Kohring by calling the

---

[2] The e-mail contained a file attachment, however, the attorney who processed the e-mail for Defendants—Ms. Jean Middleton—did not notice the file attachment and Plaintiff's counsel did not call attention to the attachment in the text of his e-mail.

Palm Beach County Sheriff's Office and the United States Marshals. At no time did Plaintiff's counsel call Ms. Kohring. Plaintiff's counsel's unilateral pretrial stipulation, bar complaint, and phone calls to law enforcement were all undertaken without a phone call to Ms. Kohring. Plaintiff's counsel's silence is particularly significant since Ms. Kohring, prior to filing any motion before this Court, reached out to Plaintiff's counsel multiple times—via phone and via e-mail—to try to resolve the matter. The only response Ms. Kohring received was a particularly troubling e-mail in which she was informed by Mr. Leigh that both he and Ms. Watson had already called law enforcement about her "third degree felony" as they described it. DE 81-6 at 2. Both sides filed cross motions to strike and cross motions for sanctions. As a result, the Court held an evidentiary hearing.

With respect to Plaintiff's Renewed Motion to Strike, Plaintiff seeks for Defendants' pretrial stipulation to be stricken and for attorney's fees for the time counsel spent contacting law enforcement and filing the Renewed Motion to Strike. DE 81 at 7. Plaintiff's request for relief is premised on the assumption that Defendants acted with nefarious, illegal intent to forge Ms. Watson's signature to somehow prejudice Plaintiff. The Court heard testimony from Ms. Kohring and from her paralegal, Ms. Ana Jordan, at the evidentiary hearing.[3] The Court makes the following findings and conclusions. The Court finds the entirety of Ms. Kohring's and Ms. Jordan's testimony to be credible. The Court concludes that Ms. Kohring and Ms. Jordan: (i) acted with no improper purpose, (ii) acted honestly, professionally, and fairly, and (iii) are not liable for any of the charges and allegations levied against them by Plaintiff's counsel. As a result, Plaintiff's Renewed Motion to Strike is denied.

---

[3] Mr. Leigh, Ms. Watson, and another attorney for Defendants—Ms. Jean Middleton—also testified at the evidentiary hearing.

With respect to Defendants' Motion to Strike, Plaintiff's counsel's behavior was completely unfounded and in contravention of all of the tenets of professionalism encapsulated in the Federal and Local Rules. The pretrial stipulation issue could have been resolved quickly between the parties if Mr. Leigh or Ms. Watson had simply called or e-mailed Defendants. The issue could even have been resolved if Mr. Leigh or Ms. Watson filed the appropriate motion with the Court, such as a motion for extension of time to collaborate on an amended joint pretrial stipulation.[4]

The differences between the pretrial stipulation approved of by Mr. Leigh and the pretrial stipulation filed by Defendants are miniscule. Even Mr. Leigh, in his own affidavit, characterizes the changes as "minor." DE 89-4 at 1. By Mr. Leigh's own admission, all of the differences between Plaintiff's pretrial stipulation and Defendants' pretrial stipulation appear at docket entry 89-2. The differences amount to approximately fifteen words (in a twenty-one page document) and primarily describe with greater specificity previously tersely stated objections to exhibits. The differences, therefore, are trivial and, at the very least, amounted to no real prejudice to Plaintiff. Furthermore, no reasonable person could believe that Defendants acted to deprive Plaintiff of the opportunity to list specific objections in the pretrial stipulation because, in an earlier red-lined draft of the stipulation, defense counsel created a comment bubble for Mr. Leigh that read: "Please provide the basis for all of your objections." DE 94-1 at 17.

Plaintiff's counsel's remaining objection to Defendants' pretrial stipulation—that the electronic signature of Ms. Watson was not affixed by her—is an objection without any significance. In a joint filing in federal court, it is a commonplace, everyday matter for one party

---

[4] Plaintiff's counsel had previously filed three motions for extension of time in this case and was therefore familiar with the procedure for requesting additional time to comply with court deadlines.

to affix the electronic signature of another party who joins the filing. Furthermore, Ms. Watson is co-counsel with Mr. Leigh, is a counsel of record, was copied on all pertinent communications, and has personally signed many documents in this case, including Plaintiff's operative amended complaint. Ms. Jordan testified that she affixed Ms. Watson's electronic signature to the pretrial stipulation because Ms. Watson's name appeared at the top of Plaintiff's counsel's signature block—the formatting of which has remained consistent throughout the entirety of this litigation. Both Ms. Watson and Mr. Leigh made much at the evidentiary hearing of the fact that they had never before seen another party affix their electronic signature. Mr. Leigh testified emphatically that instead of permitting another party to affix his electronic signature in a joint filing, he *always* insists upon using his own *wet* signature instead:

> *THE COURT:* But in State Court you have joint filings?
>
> *THE WITNESS:* Absolutely.
>
> *THE COURT:* You do electronic signatures.
>
> *THE WITNESS:* And wet, yes.
>
> *THE COURT:* Have you ever put someone else's signature when you agree to a submission, where you affix someone else's signature when you come to an agreement or they affix your signature?
>
> *THE WITNESS:* Never. If I do a substitution of counsel I always affix a wet signature, always. I have never not done that.
>
> *THE COURT:* I know in this case there have been electronic signatures affixed.
>
> *THE WITNESS:* I am familiar with doing it. **Anything joint where it is myself or someone else, I have never nor will I ever do an electronic signature.**

Evidentiary Hearing Transcript, page 77. Mr. Leigh's testimony is false. It is not always Mr. Leigh's practice to use a wet signature in a joint filing. In two companion cases to the instant

5

case, Plaintiff's counsel collaborated with Defendants to file *joint* scheduling reports. In case 16-CV-81612, at docket entry 32, page 6, Mr. Leigh signed the joint report with an electronic signature. Ms. Watson's name appears in the signature block of that filing, together with her e-mail address. This document was filed by defense counsel:

> Dated: January 12, 2017.
>
> Respectfully submitted,
>
> Malik Leigh, Esquire
> Danielle R. Watson, Esquire
> WATSON LEIGH
> Law and Educational Services Group, Inc.
> P.O. Box 22117
> West Palm Beach, FL 33422
> E-mail: (Mr.MalikLeigh@gmail.com
> Danielle@watsonleigh.com
>
> /s/ Malik Leigh
>    Malik Leigh
>    Florida Bar No. 93155
>    Mr.MalikLeigh@gmail.com
>
> THE SCHOOL BOARD OF PALM BEACH COUNTY
> JulieAnn Rico, Esq.
> General Counsel
> 3300 Forest Hill Boulevard, C-331
> West Palm Beach, FL 33406-5869
> Telephone: 561-434-8750
> Facsimile: 561-434-8105
>
> /s/ Helene K. Baxter
>    Helene K. Baxter
>    Florida Bar. No. 067555
>    Shawntoyia.bernard@palmbeachschools.org
>    Shawntoyia N. Bernard
>    Florida Bar No.: 651664
>    Helene.baxter@palmbeachschools.org
>    **For Defendants**

Similarly, in case 16-CV-81624, at docket entry 25, page 5, Mr. Leigh signed the joint report with an electronic signature. Ms. Watson's name appears in the signature block of that filing, together with her e-mail address. This document was filed by defense counsel.

> Dated this 12th day of January, 2017.
>
>                                           Respectfully submitted,
>
> Malik Leigh, Esquire
> Danielle R. Watson, Esquire
> WATSON LEIGH
> Law and Educational Services Group, Inc.
> P.O. Box 22117
> West Palm Beach, FL 33422
> E-mail: (Mr.MalikLeigh@gmail.com
> Danielle@watsonleigh.com
>
> /s/ Malik Leigh
>    Malik Leigh
>    Florida Bar No. 93155
>    Mr.MalikLeigh@gmail.com
>
> THE SCHOOL BOARD OF PALM BEACH COUNTY
> JulieAnn Rico, Esq.
> General Counsel
> 3300 Forest Hill Boulevard, C-331
> West Palm Beach, FL 33406-5869
> Telephone: 561-434-8750
> Facsimile: 561-434-8105
>
> /s/ Helene K. Baxter
>    Helene K. Baxter
>    Florida Bar. No. 067555
>    Shawntoyia.bernard@palmbeachschools.org
>    Shawntoyia N. Bernard
>    Florida Bar No.: 651664
>    Helene.baxter@palmbeachschools.org
>    **For Defendants**

Both of these filings predated the events at issue in this case. Mr. Leigh either gave Defendants permission to affix his electronic signature or Plaintiff affixed his electronic signature and e-mailed the document to Defendants for filing; both scenarios contravene his testimony in this case.

Instead of working with Defendants to clear up a simple communication which resulted in no prejudice to their client, Mr. Leigh and Ms. Watson, acting in concert, purposefully chose not to communicate with Defendants and instead filed a unilateral pretrial stipulation, a bar complaint, a motion to strike for sanctions, and called law enforcement in connection with their allegations of the crime of forgery. Plaintiff's counsel's actions must therefore be viewed not only in the context of a very minor difference between the parties' competing filings, but also in counsels' decision to escalate this matter to levels never before seen by the undersigned.

For all of the foregoing reasons, the Court finds that Mr. Leigh and Ms. Watson acted in bad faith and grants Defendants' Motion to Strike and grants Defendants attorney's fees. Fed. R. Civ. P. 11(c)(1). Mr. Leigh and Ms. Watson shall be jointly responsible for paying said fees. *Id.* The Court's imposition of attorney's fees as a sanction is pursuant to Federal Rule of Civil Procedure 11 (which permits an award of attorney's fees when an attorney violates Federal Rule 11), 28 U.S.C. § 1927 (which permits an award of attorney's fees when an attorney multiplies proceedings unreasonably and vexatiously), and the Court's inherent power (which permits an award of attorney's fees when an attorney acts in bad faith). *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); *see also* Fed. R. Civ. P. 11(b)(1) (prohibiting an attorney from filing a document for the purposes of improper harassment, which causes unnecessary delay, or which needlessly increases the cost of litigation). Defendants shall

file a motion for attorney's fees to determine the amount of fees to be awarded within seven (7) days of the date of rendition of this Order. Defendants' motion for attorney's fees must include billing records, be supported by affidavit, and must be limited to the following categories of time: time spent in conferral attempts on September 6, 2017, time preparing Defendants' Motion to Strike, time preparing Defendants' Renewed Motion to Strike, time preparing a response to Plaintiff's Renewed Motion to Strike, time preparing a reply in support of Defendants' Renewed Motion to Strike, time preparing for the evidentiary hearing, and time spent attending the evidentiary hearing.

The Court expresses no opinion on whether Mr. Leigh and Ms. Watson have violated the Florida Bar Rules of Professional Conduct with their actions in this case and, instead, refers Mr. Leigh and Ms. Watson to the Florida Bar for discipline for several reasons. First, Mr. Leigh has already been sanctioned and referred to the Florida Bar for discipline for his conduct in this case. Mr. Leigh was sanctioned by Magistrate Judge Hopkins for reckless, unprofessional conduct that was undertaken to harass Defendants. Mr. Leigh has therefore shown a pattern of reckless behavior in this case that should be reviewed and considered by the Florida Bar. Second, both in the instant matter and in the earlier matter with Magistrate Judge Hopkins, Mr. Leigh has shown no signs of remorse for his actions, nor has Mr. Leigh accepted responsibility in this case for the harassment he inflicted upon defense counsel. Mr. Leigh was specifically asked at the evidentiary hearing whether he would concede (in light of the evidence presented) that his bar complaint had no merit—he refused—and Mr. Leigh was asked whether he would withdraw his bar complaint—he refused. Third, the Court believes that Mr. Leigh and Ms. Watson acted in concert in their decision to escalate the simple miscommunication in this case to the level of

phone calls to law enforcement, together with their joint allegations of criminal forgery.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion to Strike [DE 81] is **DENIED** and Defendants' Renewed Motion to Strike [DE 79] is **GRANTED**. Defendants are entitled to attorney's fees and shall file a motion to determine the amount of attorney's fees in accordance with the instructions contained in this Order. The Clerk of the Court shall **STRIKE** docket entries 73-1, 75, and 81. The Clerk of the Court shall **REMOVE FROM PUBLIC VIEW** docket entries 73-1, 75, 81, 89, and 91.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of October, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record